IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEFFREY S. COWGILL**  **PLAINTIFF**
**ADC #145476**

v.  No: 4:24-cv-00147-KGB-PSH

**JAMES SHIPMAN,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Jeffrey S. Cowgill filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 16, 2024, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). On March 4, 2024, the Court granted Cowgill's application to proceed *in forma pauperis* and directed him to file an amended complaint to clarify and narrow his claims (Doc. No. 5). Cowgill has filed an amended complaint (Doc. No. 12).

The Court has reviewed Cowgill's amended complaint (Doc. No. 12). He has not limited or clarified his claims as the Court previously directed him to do. He names 10 defendants in his amended complaint and appears to list a number of separate claims. His claims range from failure to protect at two different units to inadequate medical treatment and arise from incidents on multiple dates. *See* Doc. No. 12 at 6-7. It is impossible to determine if or how these claims are related. As the Court has previously instructed Cowgill, he may bring multiple claims, related

or not, against **a single defendant** pursuant to Fed. R. Civ. P. 18. However, **to proceed against multiple defendants**, he must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants only when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding.").

Furthermore, Cowgill's claims are almost entirely conclusory and do not provide sufficient facts to support a viable constitutional claim. While Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

For these reasons, Cowgill will be afforded one more opportunity to amend his complaint. Cowgill may file a motion to amend and a separate proposed Second

Amended Complaint on a § 1983 complaint form within 30 days that complies with the instructions in this Order. If he does not, the Court may recommend his complaint be dismissed for failure to comply with court orders and prosecute this case. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion). The Clerk of Court is directed to send a blank § 1983 complaint form to Cowgill. Cowgill is cautioned that a Second Amended Complaint renders all prior complaints without legal effect; only claims properly set out in the Second Amended Complaint may be allowed to proceed.

Finally, the Court previously warned Cowgill to stop filing documents or motions that may be unrelated to the claims ultimately allowed to proceed in this case. *See* Doc. No. 11 at 2. The Court warned Cowgill that it would instruct the Clerk of Court to stop accepting such filings. *Id.* Since then, Cowgill has filed at eleven declarations and an unrelated motion for summary judgment. *See* Doc. Nos. 13-24. The Clerk of Court is directed to **not docket** any pleadings or documents filed by Cowgill other than a motion to amend and proposed Second Amended Complaint at this time. Any such pleadings will be returned to Cowgill. Once his Second Amended Complaint has been filed and screened,[1] the Court will modify this

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must review the complaint to identify cognizable

stop docket order to allow him to file pleadings that are related to any claims that are ultimately allowed to proceed in this case. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (recognizing a district court's inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal citations omitted).

    IT IS SO ORDERED this 12th day of April, 2024.

    _____
    UNITED STATES MAGISTRATE JUDGE

---

claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.