# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JEFFERY S. COWGILL**                                                    **PLAINTIFF**
**ADC #145476**

v.                       No: 4:24-cv-00147-KGB-PSH

**JAMES SHIPMAN,** *et al.*                                              **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jeffrey S. Cowgill filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 16, 2024, while incarcerated at the Arkansas Division of

Correction's Cummins Unit (Doc. No. 2).[1] On March 4, 2024, the Court granted Cowgill's application to proceed *in forma pauperis* and directed him to file an amended complaint to clarify and narrow his claims (Doc. No. 5). Cowgill filed an amended complaint (Doc. No. 12), but did not narrow his claims as instructed. He was then given another opportunity to file a complaint that complied with the Court's instructions (*see* Doc. No. 25). The Court warned Cowgill that a second amended complaint would render all prior complaints without legal effect and that only claims properly set out in a second amended complaint would be allowed to proceed. *Id.* The Court has reviewed Cowgill's Second Amended Complaint (Doc. No. 29) and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth

---

[1] Cowgill's initial complaint was filed on behalf of himself and another inmate, Jeffrey Elmore. He was instructed that he may not assert claims on behalf of other inmates. *See* Doc. No. 5 at n.1.

therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his Second Amended Complaint, Cowgill names one defendant, Warden Thomas W. Hurst. Doc. No. 29 at 1. He alleges:

> Thomas W. Hurst [Warden] while working under color of law did act in reckless disregard failed to protect, provide safety for my overall serious medical needs and/or well being at two separate units he was warden over. I have suffered irreparable harm, by way of multiple

> physical beatings from various inmates causing physical abuse, physical scars, mental and emotional trauma or damage.
>
> I was beaten approx. 3 times at the Dermott Unit under Warden Hurst.  I was beaten/had human waste thrown on me approx. 6 times at the Grimes Unit under Warden Hurst.

*Id.* at 4.  The Court has liberally and carefully reviewed Cowgill's Second Amended Complaint and finds that he fails to describe sufficient facts to state an Eighth Amendment deliberate indifference claim against Hurst, with respect to his failure to protect Cowgill from other inmates or with respect to treating Cowgill's serious medical needs.

***Failure to Protect.***  An inmate has a constitutional right to be free from attacks by others.  *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994).  To succeed on a failure-to-protect claim, Cowgill must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk.  *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008).  Specifically,

> This claim has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk.  *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000).  To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). . . .

*Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020).  An inmate's complaints regarding a "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody."  *Robinson v.*

*Cavanaugh,* 20 F.3d at 895; *see also Jones v. Wallace*, 641 Fed. Appx. 665 (unpublished) (a general fear of another inmate is not sufficient to put guards on notice of a specific threat or danger).

Cowgill generally alleges that Hurst failed to protect him from multiple beatings and abuse by other inmates at both the Dermott[2] and Grimes units. He provides no dates when these attacks happened, does not describe the inmates who attacked him, and does not allege that Hurst was made aware of any facts suggesting that Cowgill was in danger before these attacks occurred. Cowgill appears to sue Hurst simply because he was the warden of these units at the time of the attacks. The law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Cowgill does not

---

[2] The Delta Regional Unit is located in Dermott, Arkansas.

allege that Hurst was made aware of substantial risk of harm to him at either unit but failed to take corrective action. He therefore fails to describe sufficient facts to state a constitutional claim that Hurst was deliberately indifferent to a substantial risk of serious harm to him at the Dermott or Grimes units. His failure-to-protect claims should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***Serious Medical Needs.*** Cowgill generally alleges that Hurst failed to "provide safety for [his] overall serious medical needs." Doc. No. 29 at 4. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Cowgill describes no facts to support his conclusory claim that Hurst failed to provide for his serious medical needs. He does not describe his serious medical needs, how they were not adequately treated, or how he was injured as a result. Accordingly, he fails to state a claim for inadequate medical care.

### III.  Conclusion

For the reasons stated herein, Cowgill's claims should be dismissed without

prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1. Cowgill's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 2nd day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE