IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEFFREY S. COWGILL**  **PLAINTIFF**
ADC #145476

v.                              Case No. 4:24-cv-0147-KGB

**JAMES SHIPMAN,** *et al.*                    **DEFENDANTS**

## ORDER

Before the Court are two recommendations from United States Magistrate Judge Patricia S. Harris. Along with these recommendations, pending before the Court are several motions filed by plaintiff Jeffrey S. Cowgill (Dkt. Nos. 33; 38; 42; 45; 51). For the following reasons, the Court adopts both recommendations (Dkt. Nos. 26; 30), and denies Mr. Cowgill's pending motions (Dkt. Nos. 33; 38; 42; 45; 51).

### I.   Proposed Findings And Partial Recommendation

Before the Court are the Proposed Findings and Partial Recommendation ("Partial Recommendation") submitted by Judge Harris recommending that Mr. Cowgill's motion for summary judgment be denied (Dkt. Nos. 21; 26). Mr. Cowgill has not filed any objections to the Partial Recommendation, and the time to file objections has passed. Accordingly, after careful consideration, the Court approves and adopts the Partial Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 26). The Court denies Mr. Cowgill's motion for summary judgment (Dkt. No. 21).

### II.   Proposed Findings And Recommendation

Also before the Court are the Proposed Findings and Recommendation ("Recommendation") submitted by Judge Harris (Dkt. No. 30). Mr. Cowgill made several filings that the Court construes together as objections to the Recommendation (Dkt. Nos. 34–36).

In her Recommendation, Judge Harris explains that in Mr. Cowgill's second amended complaint he names only one defendant: Warden Thomas W. Hurst (Dkt. No. 30, at 3). Mr. Cowgill was given two opportunities to amend his complaint and was warned that filing a second amended complaint would render all prior complaints without legal effect (*Id.*, at 2). Judge Harris recommends that Mr. Cowgill's claims for failure to protect and deliberate indifference to serious medical needs be dismissed because Mr. Cowgill alleges no facts regarding Warden Hurst's relationship with these claims beyond the mere fact that he was Warden when the claims arose (*Id.*, at 5–6). In his objections, Mr. Cowgill alleges a number of facts regarding his treatment by other inmates and responses he has received from prison staff to his various complaints and grievances (Dkt. Nos. 34–36). However, Mr. Cowgill's objections fail to remedy the deficiencies in his second amended complaint because he continues to allege no facts regarding Warden Hurst's relationship to his claims (*Id.*). Mr. Cowgill has also filed several affidavits with additional allegations, but these affidavits again fail to allege facts regarding Warden Hurst's relationship to Mr. Cowgill's claims (Dkt. Nos. 37; 39–41). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 30).

### III. Other Motions

Also before the Court are Mr. Cowgill's motions: (1) for discovery (Dkt. No. 31); (2) to compel discovery (Dkt. No. 33); (3) to appoint counsel (Dkt. No. 38); (4) for an emergency injunction and service (Dkt. No. 42); (5) for order and service (Dkt. No. 45); and (6) for order (Dkt. No. 51). The Court denies these motions as moot, given that the Court dismisses without prejudice Mr. Cowgill's second amended complaint. Obtaining discovery, appointing counsel,

and serving the second amended complaint are not appropriate in this matter, given the Court's ruling.

Further, with regard to his motion for emergency injunction, Mr. Cowgill bases that motion on new events that he alleges occurred after his lawsuit was filed (Dkt. No. 42). He does not state that he grieved those events, and he does not seek an emergency injunction against Warden Hurst, who is the only named defendant in his second amended complaint. Instead, Mr. Cowgill raises new events and attempts to add new defendants in this case. To pursue these claims, the Court directs Mr. Cowgill to file a separate, new action, should he choose to do so.

For these reasons, it is ordered that:

1. Mr. Cowgill's second amended complaint is dismissed without prejudice (Dkt. No. 29);

2. Mr. Cowgill's motion for summary judgment is denied (Dkt. No. 21); and

3. Mr. Cowgill's other pending motions are denied as moot (Dkt. Nos. 31; 33; 38; 42; 45; 51).

The Court recommends that, in the future, the dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 10th day of March, 2025.

Kristine G. Baker
Chief United States District Judge